Judge Owsley
delivered the opinion of the court.*
This is an appeal from a judgment rendered against Applegate, in an action on the case brought against him for debauching the daughter of Ruble.
The declaration alledges, that Applegate, on the day of , and on divers days and times between that day and the day of , debauched and carnally knew Jane Ruble, then and there and for a long space of time hitherto, being the daughter and servant of Thos. W. Ruble, (the appellee,) whereby the said Jane became pregnant and sick with child, and so remained and continued for the space of nine months then next following, at the expiration whereof, to wit, on the day of at the circuit, &c. the said Jane Ruble was delivered of the child of which she was so pregnant as aforesaid, by means of which said several premises, the said Jane Ruble for a long space of time, to wit: from the day and year above mentioned, hitherto became and *129 was unable to do and perform the necessary affairs and business of the said Thos. Ruble, so being her father and master aforesaid, and thereby he the said Thomas Ruble, during all that time, lost and was deprived of the service of his said daughter and servant, and also by means of the said several premises, he the said Thos. Ruble was forced and obliged to, and did necessarily, pay, lay out, and expend, divers sums of money, in the whole amounting to the sum of dollars, in and about the nursing and taking care of the said Jane, his said daughter and servant, and in and about the delivery of said child, &c.
In an action for seducing plif’s daughter, if the declaration avers the daughter to be plif’s servant, it is good, though the averment of the daughter’s infancy be omitted.
Process having been regularly served on Applegate, and he failing to appear, judgment was taken against him by default, and a writ of enquiry awarded to ascertain the damages. A jury was accordingly empannelled, and after hearing the evidence, assessed the damages to one thousand eight hundred dollars. Whereupon the counsel for Applegate moved the court to set aside the inquest on the grounds.
1. Of the verdict being against evidence.
2. Excessiveness of damages.
3. For discovery of new evidence.
The motion was, however, overruled, and judgment entered for the damages assessed; and exceptions being taken to the opinion of the court, the whole of the evidence was spread upon the record.
The assignment of errors questions as well the sufficiency of the declaration as the decision of the court in overruling the application to set aside the inquest.
We are unable to perceive any solid objection to the declaration. It contains no averment of the daughter being under twenty-one years of age when the criminal intercourse took place between her and Applegate, but whether she were or were not of full age, the declaration clearly contains every essential allegation to the father’s right of action.
Were the daughter under twenty-one, it was certainly not necessary for the declaration to contain an averment of actual service in the daughter, and if above twenty-one, the allegation of her being the daughter and servant of the father and his having sustained the loss of her service, in connection with the other charges contained in the declaration, clearly, according to the settled doctrine of the common law, conferred upon the father a good cause of action.
Defendant permitting judgment to go by default admits the plaintiff’s right to recover and service need not be proved, but if the defendant had appeared and the daughter was of full age, the pl’tf. should have proven the service of the daughter, but the loss of service forms no criterion as to damages.
In an action of seduction one tenth of defts estate are not damages so excessive as to warrant a new trial on that account alone.
Pope for plaintiff, Hardin for defendant in error.
If the declaration contains a good cause of action, by Applegate’s failure to appear, and suffering judgment to go against him by default, he must be considered as confessing Ruble’s right to recover, and consequently the finding of the jury, sworn to enquire of damages, cannot be said to be contrary to evidence and law.
And with respect to the question of damages, although exemplary, they are not so flagrantly and outrageously excessive as to authorise this court, contrary to the opinion of the court presiding at the inquest, to set it aside.
Upon the hypothesis of the daughter being above twenty-one years of age, had an issue been taken to the declaration, it would certainly have been essential to the father’s recovery for him to have proven actual service in the daughter, but even then the loss of service would not form the criterion of damages, but the jury might, and regarding the feelings of the father, ought, to give liberal and exemplary damages.
And as Applegate, by permitting judgment to go against him by default, has admitted Ruble’s right to recover, it was clearly not necessary for actual service to be proved; and being entitled to recover without the introduction of such evidence, it was competent for the jury to assess damages equivalent to those which might have been given on the trial of an issue where actual service is proven.
On the trial of such an issue, therefore, we are not of opinion that a verdict for $1800 against a person worth $18,000, could be considered so flagrantly excessive as to authorise a new trial, and as Applegate is proven to be worth that sum, the court did right in refusing to set aside the inquest on the ground of excessiveness of damages.
And with respect to the discovery of new evidence, it need only be remarked, that the evidence alledged to have been discovered relates to the general character of the daughter; and if, in any case, the discovery of such evidence could authorise a new trial, it is perfectly clear that the appellant has not made out such a case as can warrant the interposition of the court in his favor: for although he names the persons by whom he expects he would be enabled to prove her bad character, he has not stated that he could not have procured at the trial other witnesses to prove the same facts.
The judgment must be affirmed with cost and damages.

Absent, Judge Rowan.